ADAMS, J.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR LONG BEACH MORTGAGE LOAN TRUST 2005-WL2, | ) ) ) ) ) | CASE NO. 1:06CV0998<br><br>JUDGE JOHN R. ADAMS |
| Plaintiff, | ) ) | ORDER<br>[RESOLVING DOCS. 16, 24, and 28] |
| v. | ) ) | |
| CARLTON BARTON, JR., et al., | ) ) | |
| Defendants. | ) | |

I.

This action is before the Court upon defendant Carlton Barton, Jr.'s unopposed Motion to Set Aside Judgment (Doc. 16), filed on January 7, 2007. The Judgment Entry and Decree of Foreclosure (Doc. 15), entered on December 29, 2006, will be vacated and set aside because the order was filed before defendant Carlton Barton, Jr. ("Barton") had been properly served with summons and a copy of the Complaint. *See Ruehle v. Educ. Credit Mgmt. Corp. ( In re Ruehle)*, 307 B.R. 28, 33 (B.A.P. 6th Cir. 2003) (improper service of process renders a judgment obtained thereby void), *aff'd* 412 F.3d 679 (6th Cir. 2005).

II.

This action is also before the Court upon plaintiff's Motion for Default Judgment (Doc. 24), filed on March 8, 2007. Service of the alias summons and complaint was made on Barton on January 27, 2007. *See* Return of Service (Doc. 19) and Declaration in Support of

Service (Doc. 22). Therefore, the plaintiff has cured the service defect. On March 9, 2007, the clerk entered the default of Barton pursuant to Fed. R. Civ. P. 55(a). *See* Doc. 27 at 3.

III.

Furthermore, this action is before the Court upon Barton's unopposed Motion for Leave to File Motion to Dismiss *Instanter* (Doc. 28), filed on March 22, 2007. Barton has attached a copy of the proposed Motion to Dismiss (Doc. 28-2) to the motion. The Court finds that leave should be denied because the Motion to Dismiss would be futile and it should not delay the resolution of plaintiff's Motion for Default Judgment (Doc. 24).

The Complaint (Doc. 1) was filed on April 24, 2006. In the proposed Motion to Dismiss, Barton argues that there is a lack of proof in the attachments to the Complaint that Deutsche Bank National Trust Company, as Trustee for Long Beach Mortgage Loan Trust 2005-WL2, is a real party in interest. As Barton correctly states in the proposed Motion to Dismiss, in a foreclosure case where the note and mortgage were originally issued to a different holder, the plaintiff must establish that it is a real party in interest. *First Union Natl. Bank v. Hufford*, 146 Ohio App.3d 673 (2001); *Kramer v. Millott*, No. E-94-5, 1994 WL 518173 ( Erie App. Sept. 23, 1994) (reversed the grant of summary judgment where the plaintiff in foreclosure action failed to establish that it was the real party in interest).

The Court holds that the plaintiff in the case at bar has demonstrated that it is a real party in interest because it is the owner and holder of the note and mortgage by later assignment, effective April 19, 2006. Subsequent to the filing of the Complaint, the plaintiff filed a copy of a recorded Assignment of Mortgage. *See* Notice of Filing Assignment of Mortgage (Doc. 7) at

Ex. A. On May 22, 2006, the plaintiff also filed an Affidavit (Doc. 10) documenting that it is the owner and holder of the promissory note and mortgage referenced in the Complaint, which complies with § 1.2.5 of Third Amended General Order No. 2006-16.[1] Curiously, these filings from last year are not mentioned in the proposed Motion to Dismiss.[2]

IV.

For the reasons set out above,

Defendant Carlton Barton, Jr.'s Motion to Set Aside Judgment (Doc. 16) is GRANTED. The Judgment Entry and Decree of Foreclosure (Doc. 15), entered on December 29, 2006, is hereby vacated and set aside.

Plaintiff's Motion for Default Judgment (Doc. 24) is GRANTED. The Court will enter a separate Judgment Entry and Decree of Foreclosure.

Defendant Carlton Barton, Jr.'s Motion for Leave to File Motion to Dismiss *Instanter* (Doc. 28) is DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| May 16, 2007 | /s/ John R. Adams |
| Date | John R. Adams |
| | U.S. District Judge |

---

[1] A copy of the affidavit is also attached to Doc. 24 as part of Ex. A.

[2] Incredibly, Barton declares "there is[n't] . . . any evidence in the record of this case to show that Plaintiff is a proper assignee or that it ever recorded a mortgage assignment to it." Doc. 28-2 at 3-4.